**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: November 2, 2017**

C. Kathryn Preston
United States Bankruptcy Judge

_____

201706877
reg

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
AT COLUMBUS

| | |
|---|---|
| IN RE: | Case No. 17-54159 |
| GORDON RAY BARNHART<br>SHARON KAY BARNHART | Chapter 13 |
| | Judge C. Kathryn Preston |
| Debtors | |
| | **AGREED ORDER RESOLVING OBJECTION TO DEBTORS' PLAN BY SETERUS, INC. FILED 8/11/2017 (PROPERTY ADDRESS 1071 HOUGH ROAD, CHILLICOTHE, OH 45601) DOCKET #17** |

    This matter having come before the Court upon the Objection to Debtors' Plan filed herein on August 11, 2017 as PACER Docket No. 17 (hereinafter "Objection") by the secured creditor, Seterus, Inc. ("Creditor"); and it appearing to the Court that the parties have agreed to a course of

action which will resolve the Objection; the parties have agreed to the following terms:

1.  The parties hereby agree on July 19, 1994, Debtor, Gordon Ray Barnhart executed a Note in the amount of $49,600.00, which matures on August 1, 2024. Debtors executed a Mortgage secured by Debtors' principal residence located at 1071 Hough Road Chillicothe, OH 45601 ("Real Property").

2.  The parties hereby agree Creditor is permitted to file a Proof of Claim, detailing its pre-petition arrearage claim, currently estimated at $20,381.00. Debtors shall propose a Chapter 13 Plan proposing payment of the arrearage claim as a fully secured claim. The parties agree the pre-petition arrearage claim of Creditor shall be paid according to Creditor's Proof of Claim to be filed on or before the November 14, 2017 claims bar date (as may be subsequently amended), subject to objection. Should an objection to the Proof of Claim be filed, the amount of the arrearage shall be determined through the objection to claim process.

3.  The parties hereby agree Confirmation of the Plan shall have no res judicata effect with respect to the amount of the pre-petition arrearage claim of Creditor under 11 U.S.C. § 1327 or other applicable bankruptcy and/or non-bankruptcy law.

4.  The Debtors agree to submit their future earnings to the supervision and control of the Chapter 13 Trustee (the "Plan Payment"), from which the Trustee will cure Creditor's pre-petition arrearage and maintain ongoing post-petition mortgage payments on a "conduit" basis to Creditor.  The parties acknowledge that the treatment and scheduling of the Plan Payment and scheduling of claims are subject to review and objection by all parties in interest and further approval by the Court.

5.  The parties hereby agree failure by the Debtors to pay any future monthly Plan Payment in full to the Trustee by the last day in the month in which it is due shall constitute a

Default.

6. Debtors hereby agree to take whatever steps necessary to modify the proposed plan currently before the Court, the proposed modification to be filed with fourteen (14) days of the entry of this Order, in order to pay to the Chapter 13 Trustee, out of future income, an amount sufficient to cure the arrearage within a reasonable time and maintenance of post-petition regular monthly mortgage payments pursuant to 11 U.S.C. § 1322(b)(2). Failure by the Debtors to modify the proposed plan currently before the Court in the aforementioned fashion shall constitute a Default. Creditor reserves its right to file an Objection to the proposed modified plan if it appears the modification is not adequate to protect Creditor's interest.

7. The parties hereby agree that in the event of a Default, said Default shall constitute "cause," including lack of adequate protection of its interest in the Real Property, and Creditor may request by motion an order terminating, annulling, or conditioning the automatic stay invoked herein by 11 U.S.C. § 362. Relief from stay shall be limited to the right to foreclosure the Real Property.

8. Plan confirmation is subject to the terms and conditions stated herein.

SO ORDERED.

| SUBMITTED BY: | APPROVED BY: |
|---|---|
| /s/Edward J. Boll III | /s/ Robert R Goldstein |
| Edward J. Boll III, Case Attorney | Robert R Goldstein, Debtors' Counsel |
| LERNER, SAMPSON & ROTHFUSS | 2734 East Main Street |
| Bar Registration No. 0072982 | Columbus, OH 43209 |
| Attorneys for Creditor | (614) 231-0003 |
| PO Box 5480 | bob@goldsteinlawohio.com |
| Cincinnati, OH 45201-5480 | |
| (513) 241-3100 ext. 3202 | |
| (513) 354-6464 fax | |
| sohbk@lsrlaw.com | |

/s/ Frank M. Pees by DLM(0001391)
Frank M. Pees, Trustee
130 E. Wilson Bridge Road, #200
Worthington, OH 43085
(614) 436-6700
(614) 436-0190 Fax
trustee@ch13.org


COPIES TO:

Default List

Edward J. Boll, III, Attorney for Creditor
LERNER, SAMPSON & ROTHFUSS

###